UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NORTHEAST CARPENTERS HEALTH, PENSION, ANNUITY, APPRENTICESHIP, and LABOR MANAGEMENT COOPERATION FUNDS,

                      Petitioners,

-against-

TIKI INDUSTRIES, INC.,

                      Respondent.

20 CV _____

**PETITION TO CONFIRM AN ARBITRATION AWARD**

---

Petitioners, Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds f/k/a the Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("Petitioners" and/or the "Funds") by and through their attorneys, Virginia & Ambinder, LLP ("V&A"), as and for their Petition to Confirm an Arbitration Award, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement (the "CBA") between the North Atlantic States Regional Council of Carpenters, f/k/a the New England Regional Council of Carpenters ("Union") and Tiki Industries, Inc. ("Respondent").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4. Petitioners Trustees of the Northeast Carpenters Health, Pension, Annuity and Apprenticeship Funds, successors to the Empire State Carpenters Annuity, Apprenticeship, Pension, and Welfare Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

5. Petitioners Trustees of the Northeast Carpenters Labor Management Cooperation Fund, successor to the Empire State Carpenters Labor Management Cooperation Fund (the "Labor Management Fund") are employer and employee trustees of a labor management cooperation committee established under section 302(c)(9) of the LMRA, 29 U.S.C. § 186(d)(9). The Labor Management Fund maintains its principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

6. Respondent is a corporation incorporated under the laws of the State of New York. At relevant times, Respondent was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Respondent maintains its principal place of business at 1630 Ocean Avenue, Suite 1, Bohemia, New York 11716.

## THE ARBITRATION AWARD

7. In or about January 2013, Respondent entered into a short form agreement with the Union. A copy of the short form agreement is annexed hereto as **Exhibit A**.

8. Pursuant to the short form agreement, Respondent agreed to be bound to every applicable current collective bargaining agreement between the Union and the members of the contractor associations. *See* Exhibit A.

9. The short form agreement further provides that the agreement shall continue in effect for the duration of the applicable collective bargaining agreements and shall continue in full force and effect from year to year unless at least 90 days before the expiration of the then current collective bargaining agreement either party notifies the other in writing of the cancellation of the agreement. *Id.*

10. Upon information and belief, neither Respondent nor the Union provided notice to terminate the agreement. Respondent therefore remains bound to the short form agreement.

11. Pursuant to the short form agreement, Respondent has at relevant times been bound to the July 1, 2011 through May 31, 2016 ("2011-16 CBA") and the July 1, 2016 through April 30, 2019 ("2016-19 CBA") Southeast Region Agreements. A copy of the 2011-16 CBA and the 2016-19 CBA (collectively, the "CBAs") is annexed hereto as **Exhibit B** and **Exhibit C**, respectively.

12. The CBAs require Respondent, *inter alia*, to make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union. *See* Exhibit B, Article Sixteen; Exhibit C, Article Sixteen.

13. The CBAs provide, *inter alia*, that "the Employer shall be bound by and shall comply with the agreements, declarations of trust, plans and/or regulations of the fringe benefit

funds, and the labor management cooperation committees, so designated." Exhibit B, Article Sixteen, Section (a); Exhibit C, Article Sixteen, Section (a).

14. The Trustees of the Funds established a Joint Policy for the Collection of Delinquent Contributions ("Collection Policy"). A copy of the Collection Policy is annexed hereto as **Exhibit D**.

15. Pursuant to the Collection Policy, interest on delinquent contributions is to be calculated at the rate of 0.75% per month. Exhibit D, Article 2.1.D.

16. The Collection Policy provides that, "[l]iquidated damages shall be calculated from the Due Date, and shall become due and owing if suit is commenced. The amount of the liquidated damages shall be 20% of the delinquent Contributions." Exhibit D, Article 6.1.

17. The Collection Policy further requires an employer to submit a payroll audit upon request by the Funds. It further provides that, "the Board of Trustees of Fund Director shall have the discretion in determining which employers will be audited in each year." Ex. D, Article 4.1.

18. Pursuant to the Collection Policy, Petitioners conducted an audit of Respondent covering the period October 1, 2015 through March 24, 2019 in order to determine whether Respondent had complied with its obligations under the CBAs.

19. The auditor determined that the Respondent owes a principal deficiency of $61,589.33 for the period October 1, 2015 through March 24, 2019.

20. The Collection Policy provides that, in the event an employer fails to remit contributions to the Funds, the matter shall be sent to arbitration before the Funds' designated arbitrator. Exhibit D, Article 2.3.

21. The Collection Policy further provides that the employer shall be liable for all costs incurred in collecting delinquent contributions, including without limitation, audit costs and arbitration fees. Exhibit D, Article 6.3

22. Pursuant to the Collection Policy, Petitioners initiated arbitration before the designated arbitrator, J.J. Pierson. Petitioners noticed said arbitration by mailing a Notice of Intent to Arbitrate Delinquency to Respondent by Certified Mail. A copy of the Notice of Intent to Arbitrate Delinquency is annexed hereto as **Exhibit E**.

23. Thereafter, the arbitrator held a hearing and rendered his award, in writing, dated December 2, 2019, determining said dispute (the "Award"). A copy of the Award was delivered to Respondent. A copy of the Award is annexed hereto as **Exhibit F**.

24. The arbitrator found that Respondent was in violation of the terms of the CBAs and ordered Respondent to pay the Funds the sum of $93,390.96, consisting of the principal deficiency of $61,589.33, interest of $10,709.65, interest on past delinquencies of $1,723.86, liquidated damages of $12,317.87, audit fees of $5,350.25, attorneys' fees of $900, and the arbitrator's fee of $800 pursuant to the CBA.

25. Respondent has failed to abide by the Award.

26. The Award has not been vacated or modified and no application for such relief is currently pending.

27. This petition is timely as it was filed within the one-year statute of limitations applicable to a petition to confirm an arbitrator's award.

28. Petitioners are entitled to the reasonable attorneys' fees and costs expended in this matter pursuant to the CBA and the Collection Policy. *See* Ex. B, Art. 16, Section (b), Ex. C, Art 6.2.

29. Copies of V&A's contemporaneous time records, reflecting all time spent and all activities performed in the prosecution of this matter by its attorneys and staff, are annexed hereto as **Exhibit G**.

30. I, Nicole Marimon ("NM" in the accompanying billing records), am a 2014 graduate of Fordham University School of Law, and a partner at V&A. Since graduating law school and being admitted to the New York State bar, I have handled the prosecution of several ERISA collections actions. V&A billed my time at a rate of $300 per hour for work performed in connection with this action.

31. V&A billed the legal assistants' time at a rate of $100 per hour for work performed in connection with this action.

32. In my experience, the foregoing hourly rates are similar to or lower than the rates typically charged by attorneys of commensurate skill and experience in similar actions in the Southern and Eastern Districts of New York.

33. V&A's total billings in this matter amount to $1,020 reflecting 6.4 hours of work. *See* Exhibit G.

34. In addition, V&A will also advance $470 in court filing fees and service fees upon the filing of the instant petition.

35. Accordingly, Petitioners are entitled to recover $1,490 in attorneys' fees and costs incurred in connection with this matter.

**WHEREFORE,** Petitioners respectfully request that this Court:

1. Confirm the Award in all respects;

2. Award judgment in favor of Petitioners and against Respondent in the amount of $93,390.96 pursuant to the Award plus interest from the date of the Award through the date of judgment;

3. Award judgment in favor of the Petitioners and against Respondent in the amount of $1,490 in attorneys' fees and costs arising out of this petition; and

4. Award Petitioners such other and further relief as is just and proper.

Dated: New York, New York       Respectfully submitted,
       January 29, 2020

                                **VIRGINIA & AMBINDER, LLP**

               By:    /s/
                     Nicole Marimon, Esq.
                     40 Broad Street 7th Floor
                     New York, New York 10004
                     Telephone: (212) 943-9080
                     Fax: (212) 943-9082
                     *Attorneys for Petitioners*