UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRUSTEES OF THE NORTHEAST CARPENTERS
HEALTH, PENSION, ANNUITY, APPRENTICESHIP,
and LABOR-MANAGEMENT COOPERATION          **MEMORANDUM & ORDER**
FUNDS,                                                                     20-CV-492 (DRH)(AKT)

                                         Petitioners,

-against-

TIKI INDUSTRIES, INC.,

                                         Respondent.
-------------------------------------------------------------------X

**APPEARANCES:**

**For Petitioners:**
Virginia & Ambinder LLP
40 Broad Street, 7th Floor
New York, NY 10004
By:    Nicole Marimon, Esq.

For Respondent: No Appearance

**HURLEY, Senior District Judge:**

      Petitioners, Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds (the "Funds" or "Petitioners") commenced this proceeding to confirm and enforce an Arbitrator's Award rendered on January 29, 2020 against respondent Tiki Industries, Inc. ( "Respondent") pursuant to a collective bargaining agreement (the "CBA") between the North Atlantic States Regional Council of Carpenters, f/k/a the New England Regional Council of Carpenters ("Union") and Respondent. For the reasons that follow, the petition is granted.

## BACKGROUND

The following facts are taken from the Petition and exhibits thereto and presumed true as no response to the petition has been field and the time in which to do so has expired.

In January 2013, Respondent entered into a short form agreement with the Union. Pursuant to the short form agreement, Respondent agreed to be bound to every applicable current collective bargaining agreement between the Union and the members of the contractor associations. ¶¶ Petition 7-8 & Ex. A. The short form agreement further provided that the agreement should continue for the duration of the applicable collective bargaining agreements and shall continue in full force and effect from year to year unless at least 90 days before the expiration of the then current collective bargaining agreement either party notifies the other in writing of the cancellation of the agreement. Neither Respondent nor the Union provided notice to terminate the agreement. ¶¶Petition 9-10.

Pursuant to the agreement, Respondent has been bound to the 2011-16 CBA and 2016-2019 CBA (collectively, the CBAs) which require Respondent to make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union. ¶ Petition 12 & Ex. B and C. The Trustees of the Funds established a Joint Policy for the Collection of Delinquent Contributions ("Collection Policy"). Under the Collection Policy, interest on delinquent contributions is to be calculated at the rate of 0.75% per month, and liquidated damages shall be calculated from the due date at the rate of 20% of the delinquent Contributions. Additionally, the Collection Policy provides that the Board of Trustees of Fund Director shall have the discretion in determining which employers will be audited each year." ¶¶Petition 13-17 & Ex. D.

During the period October 1, 2015 through March 24, 2019, Petitioners conducted an audit of Respondent in order to determine whether Respondent had complied with its obligations

under the CBAs. The auditor determined that the Respondent owes a principal deficiency of $61,589.33 for the period October 1, 2015 through March 24, 2019.

Pursuant to the Collection Policy, in the event an employer fails to remit contributions to the Funds, the matter shall be sent to arbitration before the Funds' designated arbitrator. ¶¶Petition 18-20. The Collection Policy further provides that the employer shall be liable for all costs incurred in collecting delinquent contributions, including without limitation, audit costs and arbitration fees. ¶¶ Petition 21 & Ex. D.

In accordance with the Collection Policy, Petitioners initiated an arbitration before the designated arbitrator, J.J. Pierson. ¶¶ Petition 22 & Ex. E. After a hearing, the arbitrator rendered a written award, dated December 2, 2019, determining the dispute. A copy of the Award was delivered to Respondent. ¶¶ Petition 23 & Ex. F. The Arbitrator found that Respondent was in violation of the terms of the CBAs and ordered Respondent to pay the Funds the sum of $93,390.96, consisting of the principal deficiency of $61,589.33, interest of $10,709.65, interest on past delinquencies of $1,723.86, liquidated damages of $12.317.87, audit fees of $5,350.25, attorneys' fees of $900, and the arbitrator's fee of $800.

Respondent has failed to abide by the Award. ¶¶ Petition 25-28. This petition is timely, as it was filed within the one-year statute of limitations applicable to a petition to confirm an arbitrator's award.

## DISCUSSION

### I.   Confirmation of the Arbitration Award - General Legal Principles

"Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 . . ., provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d

85, 88 (2d Cir. 1998). Courts treat a petition to confirm an arbitration award as akin to a motion for summary judgment. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107-08 (2d Cir. 2006). A movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court[.]' " *D.H. Blair*, 462 F.3d at 110 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). As such, "judicial review of an arbitration award is narrowly limited." *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 120 (2d Cir. 1991). The district court's role is to ensure that the arbitrator "acted within the scope of the authority granted him by the parties" and that there is "at least a 'barely colorable justification for the outcome reached.' " *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Interior Cinema Inc.*, 2015 WL 6459261, at *4 (S.D.N.Y. Oct. 23, 2015) (quoting *Landy Michaels Realty Corp. v. Local 32 B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). "[A] court must confirm an arbitration award as long as it 'draws its essence from the collective bargaining agreement and is not the arbitrator's own brand of industrial justice.'" *Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Baroco Contracting Corp.*, 2016 WL 2893239, at *3 (E.D.N.Y. Apr. 19, 2016) (quoting *Trs. Of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. Fourmen Constr., Inc.*, 2016 WL 146245, at *2 (E.D.N.Y. Jan. 13, 2016)).

II.   **The Award is Confirmed**

   A.   **Liability**

Here, the documentation before this Court establishes that Respondent was bound by the CBA and Collection Policy during the relevant time period, that the Funds complied with the collection policy, and that the dispute was submitted to arbitration with due notice to the Respondent. Furthermore, the arbitrator reasonably determined that Respondent failed to remit said contributions to the Funds.

   B.   **Damages**

In his award, the arbitrator ordered Respondent to pay the Funds the sum of $93,390.96, consisting of the principal deficiency of $61,589.33, interest of $10,709.65, interest on past delinquencies of $1,723.86, liquidated damages of $12,317.87, audit fees of $5,350.25, attorneys' fees of $900, and the arbitrator's fee of $800 pursuant to the CBA. As the Arbitrator granted these sums in accordance with the CBA and Collection Policy, he has provided far more than a "barely colorable justification." *See Marine Pollution Serv., Inc. v. Local* 282, 857 F.2d 91, 94 (2d Cir. 2013).

   C.   **Interest**

Under ERISA, "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1332(g)(2). Moreover, when interest is accruing during the pendency of the action and it is explicitly requested in the complaint, such interest will be awarded. *Ames v. STAT Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y.2005). Pursuant to the Collection Policy, interest on delinquent contributions is to be calculated at the rate of 0.75% per month, and such an amount was explicitly sought in the petition. Accordingly, Respondent will be ordered to pay

interest of 0.75% per month, from the date of the arbitration award (December 2, 2019) to the date of judgment.

### D. Attorney's Fees and Costs

Courts in this district have observed that "courts have routinely awarded attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Trustees of New York Dist. Council of Carpenters Pension Fund v. All. Workroom Corp.*, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (internal quotations marks omitted). Reasonable attorney's fees are calculated according to the lodestar method, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. *See McDonald v. Pension Plan of the NYSA–ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam).

In support of the petitioners' claim for attorney's fees for the costs arising out of this petition, the petitioners' counsel submitted a summary of tasks completed and time billed, totaling 6.4 hours of work. Pet. Ex. G. The petitioners' counsel billed $300 per hour for a partner at Virginia & Ambinder, LLP ("V&A") and $100 per hour for legal assistants' work. Id. at ¶ 30-33. These rates are reasonable given the prevailing rates in this district. *See Trustees of New York Dist. Council of Carpenters Pension Fund v. Concrete Brothers Construction LLC*, 2020 WL 3578200 (S.D.N.Y. July 1, 2020) (finding rates of $350 for a partner at Virginia & Ambinder, LLP and $120.00 for its legal assistants to be reasonable). Because the rates billed and time expended on this action by the petitioners' counsel are reasonable, the Court grants the Petitioners' request for $1,020.00 in attorney's fees.

Court costs for court filing fees and service fees are routinely permitted, and the Court grants the total requested court costs and disbursements of $470.00. *See New York City &*

*Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (collecting cases).

### E. Post-judgment Interest

The petitioners are also entitled to post-judgment interest on the full amount of the judgment at the rate provided under 28 U.S.C. § 1961(a). *See Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.") (citing 28 U.S.C. § 1961(a)).

## CONCLUSION

The petition to confirm the arbitration award in the amount of $93,390.96 (consisting of the principal deficiency of $61,589.33, interest of $10,709.65, interest on past delinquencies of $1,723.86, liquidated damages of $12.317.87, audit fees of $5,350.25, attorneys' fees of $900, and the arbitrator's fee of $800) is granted. Petitioners are further awarded (1) interest on the amount of past delinquencies calculated at the rate of 0.75% per month, from the date of the arbitration award (December 2, 2019) to the date of judgment: (2) attorneys' fees in the amount of $1020.00; (3) costs in the amount of $470.00; and (4) post judgment interest pursuant to 28 U.S.C. § 1961. The Clerk of Court is directed to enter judgment accordingly and to close this case.

**SO ORDERED**.

Dated: Central Islip, New York  
August 21, 2020

 s/ Denis R. Hurley  
Denis R. Hurley  
United States District Judge